UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

BERRY JOHNSON,
   Plaintiff,

vs.                                        No. 06-1088

THOMAS BROWN, et al
   Defendants

## CASE MANAGEMENT ORDER #1

     This cause is before the court for consideration of the plaintiff's motions for a court order [d/e 33, 35, 36] and plaintiff's motion for an extension of time to file a response to defendants' dispositive motions. [d/e 44]

### BACKGROUND

     The plaintiff filed his lawsuit pursuant to 42 U.S.C. §1983 against two defendants: Livingston County States Attorney Thomas Brown and Pontiac Correctional Center Warden Guy Pierce. After a merit review of the plaintiff's complaint, the court found that the plaintiff had adequately alleged that the defendants had violated his rights under the Eighth Amendment when they denied him meaningful access to the courts. The claim is against the defendants in their individual capacities.

     Specifically, the plaintiff says his cell mate died on October 18, 2003 and it appears from the complaint that the plaintiff was a suspect in the death. The plaintiff was removed from the cell and it was designated as a crime scene. The plaintiff says he repeatedly asked the defendants to retrieve his property including legal documents, but the documents were not returned.

     The plaintiff's complaint included documentation which demonstrated that the plaintiff had requested his legal documents and was told that efforts would be made to return his property. The plaintiff was also told that the States Attorney's office would not allow anyone into the cell. The plaintiff alleges he was prevented from challenging his criminal conviction because he could not retrieve the legal documents.

     The court noted in its merit review order that it was not entirely clear if the plaintiff had a valid claim against the States Attorney. States Attorneys do enjoy absolute immunity, but not all the official actions of a prosecutor are absolutely immune for §1983 liability. Instead, prosecutors are absolutely immune from liability for damages under §1983 only "for their conduct in 'initiating a prosecution and in presenting the State's case,' insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" *Burns v Reed*, 500 U.S. 478, 487 (1991) *quoting Imbler v Pachtman*, 424 U.S. 409, 430-431 (1976). A state prosecutor performing investigative functions or administrative functions, in contrast, may only assert a qualified immunity." *Houston v Partee*, 978 F.2d 362, 365 (7th Cir. 1992) *citations ommitted.* The court stated that the States Attorneys involvement and role would have to be clarified as the case progressed.

### PLAINTIFF'S MOTIONS FOR COURT ORDERS

1

The plaintiff has filed a "Motion for Specification." [d/e 33]. The plaintiff has filed the motion with the court, but the motion addresses defense counsel and asks for a clarification of discovery requests. Discovery issues such as this should be addressed between the parties, not filed with the court. The motion is denied.

The plaintiff has filed a motion for an order to "reconstruct significant, pertinent, consequential and statistical documentary evidence." [d/e 35] The plaintiff says on October 24 or 25, 2006, he was allowed into his old cell to retrieve his legal documents. The plaintiff says he noticed that several documents were missing. The plaintiff says he had copies of briefs that others had used to appeal their criminal convictions. The plaintiff also claims he had statistical evidence that Cook County used a racially discriminatory procedure to select jury members. The motion is denied. The plaintiff has not stated where he believes the documents are located or who might have taken his documents. More importantly, the documents cannot be recopied without more specific information.

The plaintiff has also filed a motion to subpoena any photographs or videotapes of his old cell from October 18, 2003 and after.[d/e 36]. The plaintiff says on March 9, 2007, he was again called to his old cell and Defense Counsel Sweet was there. Defense counsel gave the plaintiff another opportunity to search the cell for his missing documents. The plaintiff says he located some of his legal material, but not the "relevant evidence that plaintiff so desperately needs to proceed in the courts." (Mot, p. 2). Therefore, the plaintiff is asking the court to subpoena the defendants and order them to provide any photographs, videotapes, etc taken of his old cell from October 18, 2003 and after. The plaintiff states there is a security camera on the gallery that should have photographs of his cell.

This is not a proper motion and is denied. It is highly doubtful that the prison still has any videotape from a security camera dating back to 2003. In addition, the plaintiff has not stated how any photographs or videotapes would be relevant to this case. Lastly, the plaintiff should make any requests for photographs or videotapes in his discovery requests to the defendants.

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff's Motion for Specification is denied. [d/e 33]**

**2) The plaintiff's motion to reconstruct legal documents in denied. [d/e 35]**

**3) The plaintiff's motion for a subpoena is denied. [d/e 36]**

**4) The plaintiff's motion for additional time to file a response to the dispositive motions is granted. [d/e 44]. The court notes the plaintiff has now filed responses.**

Entered this 26th day of June, 2007.

> s\Harold A. Baker
> _____
> HAROLD A. BAKER
> UNITED STATES DISTRICT JUDGE